Carlos A. MENA, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–73669.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 27, 2007.

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Gwynn Kinsey, Jr., Washington, DC, for Respondent.

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

### MEMORANDUM **

Carlos A. Mena, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings and reconsider its prior order affirming, without opinion, an immigration judge's ("IJ") decision denying his application for cancellation of removal. We review for abuse of discretion the denial of motions to reopen and reconsider. *See Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Mena's motion as untimely because it was filed almost two years after the BIA issued its final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i)(requiring that motions to reopen be filed within 90 days of the final administrative order of removal); 8 U.S.C. § 1229a(c)(6)(B) (requiring that motions to reconsider be filed within 30 days of the final administrative order of removal).

The BIA did not abuse its discretion or deny Mena due process by not applying equitable tolling, because Mena did not explain how he was prevented from complying with the filing deadline. *See Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir.2003) (equitable tolling applies where an alien is "prevented from [timely] filing because of deception, fraud, or error"); *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1193 (9th Cir.2001) (en banc) (equitable tolling applies where an alien demonstrates that he was ignorant of the filing

deadline due to circumstances beyond his control).

To the extent Mena contends the BIA should have reopened or reconsidered his case *sua sponte,* we lack jurisdiction because the BIA's decision whether to invoke its *sua sponte* authority is committed to its unfettered discretion. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002) (internal citations omitted).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

